IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-00067-F-1
No. 7:15-CV-00167-F

| | |
|---|---|
| WILLIE ALLEN, )<br>          Petitioner )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>          Respondent. ) | O R D E R |

This matter is before the court on the Government's Motion to Dismiss [DE-35] Willie Allen's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-30]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, and Allen's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On June 30, 2003, Allen was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Allen's arraignment, held on September 26, 2003, he pled guilty to Count One without a written plea agreement.

Allen's sentencing was held on March 1, 2004, and he was sentenced to 180 months' imprisonment. *See* Judgment [DE-22]. It was ordered that the sentence would run consecutive to any state or federal sentence previously imposed. *See id.*

On March 5, 2004, Allen filed a Notice of Appeal [DE-23]. The Fourth Circuit Court of Appeals affirmed this court. On February 22, 2005, the Supreme Court denied Allen's petition

for certiorari.

Allen filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-30] on August 6, 2015. In the sole issue raised in his § 2255 motion, Allen argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (voiding the "residual clause" contained in 18 U.S.C. 924(e)(2)(B)(ii)), he is no longer eligible for enhancement under 18 U.S.C. § 924(e). Mot. Vacate [DE-30] at 4. Allen specifically contends that his North Carolina convictions for common law robbery do not qualify as violent felonies. *Id.*

On September 28, 2015, the Government filed a Motion to Dismiss [DE-35], arguing that Allen failed to state a claim upon which relief can be granted. Allen filed a response in opposition [DE-38] on October 26, 2015.

On December 4, 2015, an attorney with the Federal Public Defender's office entered a limited appearance pursuant to Standing Order 15-SO-02. The attorney moved to withdraw and requested that counsel be appointed on December 29, 2015. On January 8, 2016, CJA panel attorney Leza Lee Driscoll entered a notice of appearance pursuant to Standing Order 15-SO-02. On March 7, 2016, Driscoll filed a Memorandum of Law in support of Motion to Vacate [DE-44].

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the

2

complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

North Carolina common law robbery qualifies as a violent felony within the meaning of the Armed Career Criminal Act ("ACCA") under the force clause, which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015) (quoting portion of U.S.S.G. § 4B1.2(a)(1) that mirrors 18 U.S.C. § 924(e)(2)(B)(I)); *Hairston v. United States*, Nos. 1:11CR313-1, 1:13CV83, 2015 WL 6553895, at *2 (M.D.N.C. Oct. 29, 2015). Common law robbery involves taking property from another through "violence or fear." *State v. Smith*, 292 S.E.2d 264, 270 (N.C. 1982). "Violence" is described by North Carolina courts as "actual force" and "fear" is "constructive force." *State v. Robertson*, 531 S.E.2d 490, 492 (N.C. Ct. App.

3

2000). Both alternatives require the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I). Thus, common law robbery is categorically a violent felony.

The "actual force" form of common law robbery is accomplished through "violence," which is "force to the body." *Robertson*, 531 S.E.2d at 492-93. The force that North Carolina courts have required is substantial, and it meets the definition of physical force applied to both the ACCA and the career-offender guideline.

In *State v. Sawyer*, 29 S.E.2d 34 (N.C. 1944), the Supreme Court of North Carolina explained that the "degree of force used [in a common law robbery] is immaterial, so long as it is sufficient to compel the victim to part with his property or property in his possession." *Id.* at 37. The sufficiency requirement means that a *de minimis* touching is not enough to constitute common law robbery because it must be something more violent.

Similarly, the Supreme Court of North Carolina explained that the force "must be of such a nature as to show that it was intended to overpower the party robbed or prevent his resisting, and not merely to get possession of the property." *State v. John*, 50 N.C. 163, 169 (1857) (emphasis omitted). The sufficiency requirement in *John* guided the Court of Appeals of North Carolina to hold that a simple purse snatching was neither actual nor constructive force for common law robbery. *Robertson*, 531 S.E.2d at 492-93. The court explained that the Supreme Court of North Carolina had "articulated the amount of violence required to constitute actual force" nearly a century and a half earlier in *John*, and mere purse snatching does not rise to the level of "overpower[ing] the party robbed." *Id.* (quoting *John*, 50 N.C. at 169 (emphasis omitted)). Actual force requires force sufficient to "compel the victim to part with his property."

4

*Sawyer*, 29 S.E.2d at 37. The requirement is more than simple battery or a minimal touching: it is a violent force.

The force required for an actual-force common law robbery in North Carolina is sufficient to meet the guidelines' definition of physical force. The kind of force necessary to "compel the victim to part with his property," *id.*, and to "overpower the party robbed or prevent his resisting," *John*, 50 N.C. at 169 (emphasis omitted), is the kind of force that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Therefore, the "actual force" version of common law robbery constitutes the "use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I).

The "constructive force" form of common law robbery also involves violent force because this form "connotes placing the victim in fear." *Robertson*, 531 S.E.2d at 492. The Supreme Court of North Carolina has explained that the "fear" element refers to fear of bodily injury, specifically the kind of fear that would "induce a man to part with his property for the sake of his person." *Sawyer*, 29 S.E.2d at 37 (internal quotation marks and citation omitted). In determining whether a defendant's prior common law robbery constituted a crime of violence, the Supreme Court of North Carolina examined the elements of the offense to characterize the crime as "a felony involving the use of threat of violence." *State v. Bell*, 603 S.E.2d 93, 117 (N.C. 2004). Even North Carolina's recognition of the "fear" element as constructive "force" demonstrates that "fear" refers to violence. *See Sawyer*, 29 S.E.2d at 37. Because inciting someone to part with their property for fear of injury to their person constitutes the "threatened use of physical force," 18 U.S.C. § 924(e)(2)(B)(I), a common law robbery accomplished through fear is categorically a violent felony.

5

The Fourth Circuit's unpublished decisions in *United States v. Carmichael*, 408 F. App'x 769 (4th Cir. 2011), and *United States v. Robinson*, 471 F. App'x 118 (4th Cir. 2012) (per curiam), do not undermine the court's conclusion. As unpublished decisions, *Carmichael* and *Robinson* have "no precedential value" in the Fourth Circuit, and they are "entitled only to the weight they generate by persuasiveness of their reasoning." *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006); *see* 4th Cir. Loc. R. 32.1. In *Carmichael*, there is no explanation and no reasoning for its one-sentence statement that common law robbery is not a violent felony under the force clause. *See* 408 F. App'x at 770. *Robinson* also addressed the issue in only one sentence. *See* 471 F. App'x at 119. It is possible that the Fourth Circuit did not analyze common law robbery under the force clause because they focused on the more straightforward analysis of the ACCA's residual clause, which still existed at the time. Regardless, these two cases provide no persuasive reasoning for this court to rely upon and are entitled to no weight. *See Collins*, 468 F.3d at 219.

As North Carolina common law robbery is a violent felony, Allen was properly treated as an armed career criminal under § 924(e). PSR ¶¶ 9, 10, 14, 15. Consequently, Allen's sole claim must be dismissed.

### III. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-35] is ALLOWED, and Allen's § 2255 motion [DE-30] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find

6

that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Allen has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 14 day of March, 2016.

                                                    James C. Fox
                                                    Senior United States District Judge