IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-00067-F-1
No. 7:15-CV-00167-F

| | |
|---|---|
| WILLIE ALLEN, )<br>        Petitioner )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | **ORDER** |

This matter is before the court on the Government's Motion to Dismiss [DE-35] Willie Allen's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-30]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is DENIED and Allen's Motion to Vacate is ALLOWED.

## I. Factual and Procedural Background

On June 30, 2003, Allen was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Allen's arraignment, held on September 26, 2003, he pled guilty to the Indictment without a written plea agreement.

Allen's sentencing was held on March 1, 2004, and he was sentenced to 180 months' imprisonment. *See* Judgment [DE-22]. It was ordered that the sentence would run consecutive to any state or federal sentence previously imposed. *See id.*

On March 5, 2004, Allen filed a Notice of Appeal [DE-23]. The Fourth Circuit Court of Appeals affirmed this court. On February 22, 2005, the Supreme Court denied Allen's petition

for certiorari.

Allen filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-30] on August 6, 2015. In the sole issue raised in his § 2255 motion, Allen argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (voiding the "residual clause" contained in 18 U.S.C. § 924(e)(2)(B)(ii)), he is no longer eligible for enhancement under 18 U.S.C. § 924(e). Mot. Vacate [DE-30] at 4. Allen specifically contends that his North Carolina convictions for common law robbery do not qualify as violent felonies. *Id.*

On September 28, 2015, the Government filed a Motion to Dismiss [DE-35], arguing that Allen failed to state a claim upon which relief can be granted. Allen filed a response in opposition [DE-38] on October 26, 2015.

On December 4, 2015, an attorney with the Federal Public Defender's office entered a limited appearance pursuant to Standing Order 15-SO-02. The attorney moved to withdraw and requested that counsel be appointed. On January 8, 2016, CJA panel attorney Leza Lee Driscoll entered a notice of appearance pursuant to Standing Order 15-SO-02. On March 7, 2016, Driscoll filed a Memorandum of Law in support of Motion to Vacate [DE-44].

On March 14, 2016, this court entered an order [DE-45] allowing the Government's Motion to Dismiss [DE-35], denying Allen's § 2255 motion [DE-30], and denying a certificate of appealability. The next day, Allen filed a Notice of Appeal [DE-47].

In an unpublished per curiam opinion, the Fourth Circuit Court of Appeals granted a certificate of appealability, vacated this court's order, and remanded for further proceedings consistent with their opinion. *See* Unpublished Opinion [DE-53].

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

This court found that Allen qualified as an armed career criminal because he had three prior convictions for violent felonies.[1] Two of the three prior convictions were for North

---

[1] Under the Armed Career Criminal Act, a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one

3

Carolina common law robbery.

The Fourth Circuit Court of Appeals recently held that a conviction for North Carolina common law robbery does not categorically qualify as a violent felony under the Armed Career Criminal Act ("ACCA"). *See United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016). In *Gardner*, the Fourth Circuit determined that North Carolina common law robbery does not fall under the "force" clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), but under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson* invalidated the residual clause and applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Therefore, Allen's North Carolina common law robbery convictions cannot serve as predicate violent felonies under the ACCA.

## IV. Conclusion

In light of the foregoing, Allen's Motion to Vacate [DE-30] is ALLOWED and the Government's Motion to Dismiss [DE-35] is DENIED. Allen's March 1, 2004 Judgment [DE-22] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement.

SO ORDERED.

This the 27 day of September, 2016.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1).

4